# CHARLESTON.

BURLINGHAM *et al. v.* VANDEVENDER.

Submitted January 11, 1900—Decided April 7, 1900.

1. CONTINGENT ESTATES—*Parties.*

   Section 20, chapter 71, Code, relating to the sale of contingent estates, in requiring all persons then living and contingently interested to be made defendants, includes only nonascertainable or not in being. (p, 805).

2. DECREE—*Remote Interests—Parties.*

   A decree rendered for the sale of real estate subject to contingencies is binding on all those who are remotely interested, and whose identity is legally nonascertainable, when their possible contingent interests are represented by proper parties to the suit, holding similar estates, prior in right. (p. 808).

3. EQUITABLE DOCTRINE—*Parties.*
    The equitable doctrine of representation by persons sim-
ilar and prior in estate, for the purposes of convenience and
justice, applies, of necessity, in all cases where possible heirs
or devisees contingently interested are physically or legally
not in being, or nonascertainable.   (p. 807).

Appeal from Circuit Court, Roane County.

Bill by Lillie R. Burlingham and others against M. L.
Vandevender.   Decree for plaintiffs, and defendant ap-
peals.

*Affirmed.*

J. G. SCHILLING, for appellant.

WALTER PENDLETON, for appellees.

DENT, JUDGE:

Lillie R. Burlingham and Morris O. Brooks instituted
a suit in chancery in the circuit court of Roane County to
enforce the payment of a certain balance of purchase
money against a tract of land purchased of them by the
defendant, M. L. Vandevender, and obtained a decree for
the sale of the same, from which the defendant appeals.
The facts are as follows:   The defendant purchased the
land, and they sold it, in fee.   On an examination of their
title, it is found that they only had a life estate, and the fee
was contingently invested in their children, or, in absence
of their children, in their legal heirs.   They immediately
instituted suit, under section 20, chapter 71, Code, for the
purpose of acquiring the fee, so, that they might comply
with their sale to their vendee.   Such proceedings were
had that the circuit court of Kanawha County directed
the sale of the land.   Mrs. Burlingham became the pur-
chaser, and the sale was confirmed, and the property con-
veyed to her by a commissioner of the court.   She exe-
cuted and tendered a deed to Vandevender, who refused to
accept the same, and this suit was instituted and the deed
tendered therein. Vandevender claims that the deed, under
the decree, is not sufficient to vest in him the fee to the
land, and asks that the sale be canceled, and that the
parties be restored, as near as may be, to their original

condition. The circuit court, being of the opinion that the deed was sufficient to convey the fee, granted the relief prayed by the planitiffs. The devise under which the plaintiffs acquired their estate in the land, contained in the will of their mother, Cynthia E. Brooks, deceased, is as follows, to wit: "I bequeath to my children, Lillie R. Brooks Burlingham and Morris Oden Brooks, all the real estate (by which I mean houses or lands) of which I may die possessed or entitled to, or in which I may leave an interest, whatsoever, to have the same so long as they may live, in equal proportions; at their death the same to descend to their respective children, *per stirpes,* and not per capita. Should either of my said children die before the other, having no children living, I bequeath all the interest of the said child so dying to the survivor of my children to be held in like manner as such survivor holds the property (real estate) received from me. Should both of my children die childless, I leave all of said real estate to their lawful heirs."

Section 20, chapter 71, Code, under which title in fee was sought to be acquired, is as follows: "When any estate, real or personal, is given by will or deed to any person subject to a limitation contingent upon the dying of any person without heir or heirs of the body or issue of the body or children or offspring or descendant or other relative, it shall be lawful for the circuit court, upon a bill filed by the person holding the estate subject to such limitation, in which bill all persons then living and contingently interested shall be made defendants, to decree a sale of such estate, real or personal, and to invest the proceeds of sale, under the decree of the court, for the use and benefit of the person so holding the estate, subject to the limitation of the deed or will creating the estate. * * * "To their suit to acquire the fee the children of Mrs. Burlingham and the father of the plaintiffs were made parties, as being the known persons contingently interested in the land. The only question then presented is as to the jurisdiction of the circuit court to make sale so as to perfect the title. The statute provides that "all persons then living and contingently interested shall be made defendants." This is an impossibility in this case,.

for no one can tell who are the living persons contingently interested, as no one is the "heir of the living." For a case of this kind the statute has evidently made no provision, and, unless the rules of equity as to necessary parties under the doctrine of representation have provided a remedy, such property so situated would be tied up indefinitely. In 15 Enc. Pl. & Prac. 627, the law is stated to be that "where it appears that a particular party, though not before the court in person, is so far represented by others who are before the court in person that his interests receive actual and efficient protection, his actual joinder may be dispensed with, and the decree may be held to be binding upon him." This rule is founded on convienence, and often the necessity of things. As is said in the case of *Faulkner* v. *Davis*, 18 Grat. 690, it "applies to living persons, who are allowed to be made parties by representation, for reasons of convenience and justice, because their interests will be sufficiently defended by others who are personally parties, and who have motives both of self-interest and affection to make such defense, and it is therefore unnecessary to make such living persons parties, and, indeed, improper to do so, and thus compel them to litigate about an interest which may never vest in them. But the rule also often, and a *fortiori*, applies to persons not in being, and who, of course, may never be in being, who are allowed to be made parties by representation, for reasons, not only of convenience and justice, but of necessity, also, because it is impossible to make them personally parties. It will be found by an examination of all the cases that the rule and the reason of it go to this extent, and that necessity is recognized as an all-sufficient reason for it, whenever such necessity exists. In *Giffard* v. *Hort*, 1 Schoales & L. 409, Lord Redesdale uses this language, which is quoted by Judge Lee in *Baylors's Lessee* v. *Dejarnette*, 13 Grat. 152: 'Where all the parties are brought before the court that can be brought before it, and the court acts on the property according to the rights that appear, without fraud, its decision must, of necessity, be final and conclusive. It has been repeatedly determined that if there be tenant for life, remainder to his first son in tail, remainder over, and

he is brought before the court before he has issue, the contingent remainder-men are barred.' See, also, *Finch* v. *Finch*, 2 Ves. Sr. 491; Calv. Parties, 52, note 7." *Baylor's Lessee* v. *Dejarnette*, 13 Grat. 152; *Troth* v. *Robertson*, 78 Va. 46; Story Eq. Pl. §§ 142, 147, inclusive. In the case of *Hale* v. *Hale*, 146 Ill. 227, 33 N. E. 858, 20 L. R. A. 247, it is said: "Especially is this doctrine applicable where the persons not before the court are only possible parties not *in esse*, and where the interests of all parties in being require a decree which will completely and finally dispose of the subject-matter of the litigation." Heirs of living persons are just as much not in being as though they were persons unborn, and it would not only be inconvenient, but unjust, to prevent the enjoyment of estates by those who are in being and known, because of a remote contingency that such estates may some day pass to persons unknown and nonascertainable. If proper parties are before the court to represent all interests, so that the same may be properly adjudicated, the decree is complete and conclusive on all unknown persons who may be remotely and contingently interested. When the decrees under considertion were rendered by the circuit court, all interests were represented as fully as it was possible to do so, and even more fully than the law required, because it was hardly necessary to make possible heirs parties, when the whole estate was already represented by the life tenants and the children in whom the contingent remainder vested, which could only be defeated or interfered with by the birth of other children or their death before the life tenants. The interests of all possible heirs were amply represented and protected. The only object of the suit was to change the character of the estate, and preserve and render it productive and profitable, for the benefit of both the life estate and the remainder. The conclusion, therefore, is that by the decrees and deeds made in pursuance therewith the indefeasible fee of the land vested in the plaintiff, subject only to the vendor's lien. The costs of the appeal follow the result of the litigation. The decree is affirmed, and the cause remanded for further proceedings.

*Affirmed.*